


O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ADRIAN MOON,

Petitioner,

v.

M. SPEARMAN, WARDEN,

Respondent.

Case No. CV 12-8022-RGK (MLG)

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS/ORDER DENYING CERTIFICATE OF APPEALABILITY

Adrian Moon filed this pro se petition for writ of habeas corpus on September 18, 2012. The petition challenges a February 8, 2010, conviction for perjury in the Los Angles County Superior Court.[1] Cal. Penal Code § 118. On August 30, 2010, Petitioner was sentenced to a total term of two years in prison, sentence suspended, and placed on formal probation for three years, with conditions including 677 days in jail with credit for 677 days served, as well as $200.00 restitution and a $30.00 special assessment. On September 9, 2010, the trial court terminated probation on the perjury conviction

[1] Los Angeles Superior Court Case No. BA362256.

because Petitioner had subsequently been convicted of 38 additional felony charges and had been sentenced to 20 years imprisonment.

This is the third time Petitioner has challenged this very same state court judgment. On December 29, 2011, Petitioner filed a petition for writ of habeas corpus in this Court, challenging the perjury conviction. *Moon v. Junious*, Case No. 11-10806-MLG. On May 15, 2012, Magistrate Judge Marc L. Goldman entered an order and judgment dismissing the petition without prejudice.[2] It was found that the Court lacked jurisdiction over the petition because Petitioner was not "in custody" pursuant to the judgment being challenged at the time he filed the petition, as required by 28 U.S.C. § 2254(a). *See also Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Indeed, it was found that the sentence imposed on the perjury charge had been fully discharged on September 9, 2010.

On June 7, 2012, Petitioner filed a second habeas corpus petition challenging the perjury conviction. *Moon v. Vasquez*, Case No. 12-4971-RGK (MLG). On July 23, 2012, this Court summarily dismissed the petition, again finding that the Court lacked jurisdiction because Petitioner was not in custody under the challenged judgment at the time the petition was filed. A certificate of appealability was denied on July 23, 2012. Petitioner filed a notice of appeal on August 27, 2012, which is still pending.

Undaunted, Petitioner has filed this third habeas corpus petition challenging the very same perjury judgment. The current petition is simply a photocopy of the petitions filed in the previous

---

[2] The parties had consented to have a magistrate judge conduct all proceedings in that case. *See* 28 U.S.C. § 636(c)(1).

two cases with the signature dates and pagination changed.[3] Because Petitioner was not, is not, and will never be in custody under the perjury judgment being challenged, as required by 28 U.S.C. § 2254(a), this petition will be summarily dismissed.[4] *See Maleng*, 490 at 490-491.[5]

Moreover, this petition is subject to dismissal as a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), requires that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart,* 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because

---

[3] See Case No. 11-10806-MLG, Docket No. 11; Case No. 12-4971-RGK (MLG), Docket No. 1.

[4] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition that the petitioner is not entitled to relief." The notes to Rule 4 state: "[A] dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).

[5] The Court adopts and incorporates the findings made and conclusions reached in *Moon v. Junious*, Case No. CV 11-10806-MLG and *Moon v. Vasquez*, Case No. 12-4971-RGK (MLG), as part of this Order.

a district court lacks subject-matter jurisdiction over such petitions. *Burton*, 549 U.S. at 157.

This petition challenges the same state-court judgment as the petitions filed in Case No. CV 11-10806-MLG and Case No. 12-4971-RGK (MLG), which were dismissed for lack of subject matter jurisdiction. As such, this petition must be dismissed as successive within the meaning of 28 U.S.C. § 2244(b)(3)(A).

Petitioner's repeated filing of the same petition with the expectation of a different result is an abuse of the judicial process and a burden on the Court. Petitioner is barred from filing further petitions, motions, or pleadings in this Court attacking the 2010 perjury judgment.

Petitioner is further placed on notice that the continuation of his repetitive filings of meritless petitions and complaints, false stipulations, and frivolous motions for bail and recusal of judges, will result in his being designated a vexatious litigant and the entry of a pre-filing order that will curtail his ability to file pleadings in this court without prior judicial scrutiny. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990), C.D. Cal. R. 83-8.

//

//

//

//

//

//

//

//

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability will not issue. Reasonable jurists would not find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: September 25, 2012

R. Gary Klausner
United States District Judge

Presented By:

MARC L. GOLDMAN
Marc L. Goldman
United States Magistrate Judge