**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>          Plaintiff,<br>     v.<br>M. SPEARMAN,<br><br>          Defendant. | Case No. 2:12-cv-8022-RGK(MLGx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE JUDGES R. GARY KLAUSNER AND MARC L. GOLDMAN [21]** |

Pending before the Court is Plaintiff Adrian Moon's Motion to Recuse Judges R. Gary Klausner and Marc L. Goldman. (ECF No. 21.) Having considered Plaintiff's arguments, the Court deems the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500-01 (N.D. Cal. 1976). Further, the alleged bias must be from an extrajudicial source and "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). But the substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same—"Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

In this case, Plaintiff generally alleges that Judges Klausner and Goldman decided his case based on personal bias. These allegations are insufficient to support disqualification. More interestingly, Plaintiff declares that Judge Goldman exhibited personal bias through racial epithets and condescending remarks in his rulings. (Moon Decl. 6–7.) Upon review of the record, the Court finds no evidence of such behavior. To the extent this alleged behavior was exhibited at hearings, Plaintiff did not provide the Court with any transcripts, and the Court has none to review.

While racial epithets may be evidence of personal bias, criticism is not. The Court finds that any alleged criticism towards Plaintiff may be derived from Plaintiff's frivolous and vexatious behavior in his various lawsuits. That is, Plaintiff filed in 2012, nine lawsuits for habeas corpus and civil rights violations relating to his incarceration. (Moon Decl. 12.) The Court also notes that Plaintiff failed to follow proper procedure on numerous occasions. Based on this conduct, criticism towards Plaintiff is likely warranted.

And as for Judge Klausner's and Judge Goldman's adverse rulings, Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rulings by themselves cannot show reliance upon an extrajudicial source, and opinions formed by the judge based on the evidence of the case "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

/ / /

The remedy for Plaintiff's dissatisfaction is to appeal; a disqualification motion serves no purpose unless personal bias is established. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). This Court finds no partiality in Judge Klausner's and Judge Goldman's adverse rulings because they are based on Plaintiff's lack of merit and procedural errors.

In sum, the Court finds that Plaintiff's motion fails to state sufficient facts and reasons to disqualify Judges Klausner and Goldman under 28 U.S.C. §§ 144 or 455. Plaintiff's assertions do not show any personal bias stemming from an extrajudicial source. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

October 31, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**