O

AMENDED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ADRIAN MOON,<br><br>　　　　　Plaintiff,<br>　v.<br><br>M. SPEARMAN, Warden,<br><br>　　　　　Defendant. | Case No. CV 12-08022-RGK (MLG)<br><br>**ORDER DENYING MOTION FOR RECUSAL** [21] |

On October 18, 2012, Plaintiff Adrian Moon ("Plaintiff") filed a Motion to Recuse United States District Judge R. Gary Klausner and Magistrate Judge Marc L. Goldman from the above-entitled matter. (Dkt. No. 21.) Having considered the arguments in support thereof, the Court deems the matter appropriate for decision without oral argument. See C.D. Cal. L.R. 7-15. For the following reasons, Plaintiff's Motion is **DENIED**.

The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must

"state facts and the reasons for the belief that bias or prejudice exists." *Id*. When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976).

The applicable provision of § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). This is so because specific allegations of bias or prejudice involving judicial acts which the district judge either performed or failed to perform while presiding over the case do not provide a basis for recusal. *See Studley*, 783 F.2d at 939. Therefore, the alleged bias ordinarily must stem from an 'extrajudicial source.'" *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) and *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).

In support of his Motion, Plaintiff provides two examples of why recusal or reassignment of this case is required. Neither of those examples, however, involved Judge Klausner. The first of the allegations states as follows: ". . . in the voidable order, Marc L. Goldman, made condesending (sic) remarks, racially charge (sic) epithets, calling Plaintiff(s)/Petitioner fantastical and delusional, just short of calling Plaintiff(s)/Petitioner an illiterate dumb 'N---ger' and dismissed the case with prejudice." (Mot,. for Recusal, p. 6.)

In point of fact, the quoted language was not necessarily directed at this case, much less directed at petitioner. This was part of a larger discussion of prisoner civil

rights lawsuits with fanciful factual allegations, which can rightfully be considered as frivolous. The complete quote is "In *Neitzke v. Williams,* 490 U.S. 319, 328 (1989), and reads as follows:

> Section 1915(d) has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, see, *e.g., Williams v. Goldsmith,* 701 F.2d 603 (CA7 1983), and claims of infringement of a legal interest which clearly does not exist, like respondent Williams' claim that his transfer within the reformatory violated his rights under the Due *328 Process Clause. Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

Plaintiff complains that Magistrate Goldman wrote: "The [*Neitzke*] Court found that a district court may dismiss a complaint as frivolous when the facts alleged are clearly baseless. This encompasses allegations that are fantastical and delusional. Id at 325, 328." (Stmt of Reasons in Support of Recommendation Denying In Forma Pauperis Status, p.2) (Docket 2.) Plaintiff finds this passage to be an attack on both his ethnicity and intelligence. It bears noting that it is Plaintiff who has introduced

1 | race into this discussion. Magistrate Judge Goldman's comments were not racial nor
2 | could they fairly be deemed directed at petitioner. If, on the other hand, petitioner
3 | found something in the phrase which struck a familiar chord, that should not and
4 | cannot be attributed to Magistrate Judge Goldman.

5 |     An examination of the Declaration of Adrian Moon which accompanies the
6 | Motion for Recusal of District Judge(s) contains no complaint about Judge Klausner.
7 | There is yet a further more inflammatory comment attributed to Magistrate Judge
8 | Goldman which is unsupported by the record. Specifically paragraph 7 of the
9 | Declaration states: "On or about April 4, 2012, Plaintiff(s)/Petitioner submitted an
10 | amended verified class action complaint for case entitled *Moon, et al. v. Johnson*
11 | */Baca, et al.*, case no. CV12-1514-UA (MLG), Magistrate Judge Marc L. Goldman, in
12 | his order denying Plaintiff(s)/Petitioner to proceed in forma pauperis, reiterated and
13 | included more racially charge (sic) condescending (sic) epithets, and vehemently (sic)
14 | and vociferously proclaimed, "the damned" "case was dismissed with prejudice, the
15 | court can't allow for a amended complaint."

16 |     The record in the form of the Minute Order issued April 9, 2012 by Magistrate
17 | Judge Goldman paints an entirely different story. That Minute Order reads in its
18 | entirety:

19 |     Plaintiff's motion to amend the complaint, filed April 5, 2012 is DENIED.
20 | Plaintiff was denied leave to proceed without pre-payment of the filing fee. There is
21 | no case pending and therefore nothing to amend.

22 |     Plaintiff retains the right to pay the $350.00 filing fee or submit a new
23 | complaint and request to proceed without prepayment of the filing fee, correcting
24 | the deficiencies previously outlined, excluding those defendants who are immune
25 | from suit, and alleging cognizable claims for relief.

26 |     The Clerk is instructed to return the proposed First Amended Complaint (lodge
27 | April 5, 2012) to the Plaintiff. (Docket 5.)
28 |     ///

Plaintiff's specific contentions designed to show a personal animus held by Magistrate Judge Goldman toward Plaintiff are belied by the facts as memorialized by the record. Without putting too fine a point on it, the record leads one to the inescapable conclusion that Plaintiff's allegations are in no way tempered by any desire to be factually accurate. Nor is there any concern whatsoever about suffering Rule 11 sanctions for intentional misrepresentations to the court. *Neitzke,* 490 U.S. at 327.

Plaintiff's complaints evidence a grave misunderstanding of the applicable standard for recusal. If Plaintiff disagrees with the rulings of a district judge, his remedy would be to appeal that ruling, not to seek the disqualification of the judge. *See Mayes v. Leipziger,* 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias.").

In sum, the Court finds that Plaintiff's Motion fails to set forth sufficient factual allegations to require disqualification of Magistrate Judge Goldman, much less District Judge Klausner, pursuant to 28 U.S.C. §§ 144 and 455 or any evidence tending to show personal bias stemming from an *extrajudicial* source. Nor is there any basis to believe that any other ground for disqualification exists. Rather, it appears that Plaintiff simply disagrees with Magistrate Judge Goldman's ruling. This is not enough to require disqualification. Accordingly, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

November 2, 2012

_____
**HON. OTIS D. WRIGHT II**
**UNITED STATES DISTRICT JUDGE**